
# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **LEROY ANDREW WASHINGTON**, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) **Case No. 2:14-cv-02109-AKK** ) ) |
| **AT&T SOUTHEAST**, | ) ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM OPINION

Leroy Andrew Washington, an African-American male, brings this action *pro se*[1] against AT&T Southeast (AT&T), alleging unlawful discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. (Title VII). Doc. 1. AT&T moves for the undersigned to consolidate this matter with Washington's other lawsuit currently pending before this court, 2:14-cv-1975-TMP, dismiss Washington's claims in their entirety, and impose sanctions

---

[1] "'Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Osahar v. Postmaster Gen. of U.S. Postal Serv.*, 263 F. App'x. 753, 761 (11th Cir. 2008) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nonetheless, "a pro se litigant 'is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure.'" *Blakely v. Johnston*, Civil Action No. 10-0026-CG-N, 2010 WL 4269186, at *2 (S.D. Ala. Sept. 21, 2010) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).

on Washington. Doc. 7. The motion is fully briefed and ripe for review. Docs. 11, 12. For the reasons stated more fully below, AT&T's motion to consolidate this case with 14-cv-1975-TMP and to dismiss the consolidated case is due to be granted. AT&T's motion for sanctions is due to be denied.

A. Common questions of law and facts are grounds for consolidation.

Turning first to the motion to consolidate this matter with 14-cv-1975-TMP, the undersigned notes that Washington filed an identical complaint in that matter. *See* 14-cv-1975-TMP doc. 1. In both cases, Washington is alleging that AT&T has retaliated against him for filing prior lawsuits and EEOC charges by refusing to hire him. Because courts have broad discretion to consolidate actions that "involve a common question of law or fact," Fed. R. Civ. P. 42(a), and the pending lawsuits concern Washington's allegations that AT&T failed to rehire him for discriminatory reasons, both cases clearly involve common questions of law and fact. Therefore, AT&T's motion to consolidate is due to be granted.

B. *Res judicata* warrants the dismissal of these consolidated cases.

Next, AT&T moves to dismiss these consolidated cases on *res judicata* grounds. In a nutshell, in these consolidated cases, Washington claims his former employer, BellSouth Company, which subsequently merged with AT&T, pretextually discharged him, claiming his performance was deficient, then refused

to rehire him because of his race, gender, and in retaliation for filings several EEOC charges and lawsuits in connection with his termination and BellSouth's (and subsequently AT&T's) refusal to rehire him. 14-cv-2109-AKK, doc 1. at 4; 14-cv-1975, doc. 1 at 2; doc. 1-1 at 1. This is not the first time Washington has presented similar allegations to this court.[2] *See Washington v. AT&T Inc.*, Case No. 2:12-cv-3808-MHH, docs. 17, 18 (memorandum opinion and order dismissing case as barred by the statute of limitations and *res judicata*) (*Washington III*); *Washington v. BellSouth Corp. d/b/a AT&T Inc.*, Case No. 2:10-cv-03306-IPJ, doc. 2 (memorandum opinion and order dismissing complaint for failing to state a claim and as barred by *res judicata*) (*Washington II*); *Washington v. BellSouth Telecomms., et al.*, Case No. 2:06-cv-01320-IPJ, docs. 64, 65 (memorandum opinion and order granting defendant's motion for summary judgment because Washington's claims were alternatively time barred or unsupported by evidence), *aff'd* 285 F. App'x 597 (11th Cir. 2008) (*Washington I*).  In light of the prior

---

[2] In considering documents from these previous cases, and in particular from *Washington I*, the undersigned notes that "[a] district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment." *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999)). In particular, a court may take judicial notice of documents from previous litigation "which are public records that [are] 'not subject to reasonable dispute' because they [are] 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'" *Id.* (quoting Fed. R. Evid. 201(b)) (citing *Universal Express, Inc. v. U.S. SEC*, 177 F. App'x 52, 53 (11th Cir. 2006)).

filings, AT&T maintains that these two recent cases are barred by the doctrine of *res judicata*, a legal doctrine that "'bars the filing of claims which were raised or could have been raised in an earlier proceeding.'" *Schafler v. Indian Spring Maint. Ass'n*, 139 F. App'x 147, 149 (11th Cir. 2005) (quoting *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999)). For the reasons stated below, the court agrees with AT&T.

"In this Circuit, a claim is precluded by prior litigation if: '(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases.'" *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (quoting *Ragsdale*, 193 F.3d at 1238). An application of these elements to the consolidated cases shows that, as this court found in *Washington II*, *see* 2:10-cv-03306-IPJ, doc. 2 at 2, and *Washington III*, *see* 2:12-cv-3808-MHH, doc. 17 at 1, *Washington I* precludes these consolidated cases. The first three elements of *res judicata* are clearly present: the *Washington I* district court's decision was a final decision on the merits because it disposed of the case entirely; the *Washington I* court had jurisdiction pursuant to 42 U.S.C. § 2000e, *et seq.* because Washington raised claims pursuant to Title VII, 2:06-cv-01320-IPJ, doc. 64 at 2; and, by Washington's own admission, AT&T is the

4

successor-in-interest to his former employer, BellSouth, 2:14-cv-2109, doc. 1 at 2 ("BellSouth Corp. merged with AT&T Inc. After the merger they are doing business as AT&T Southeast and AT&T Inc."). As for the fourth element, "[t]wo cases are the same 'claim' or 'cause of action' 'if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate as a former action.'" *Horne*, 392 F. App'x at 802 (quoting *Ragsdale*, 193 F.3d at 1239). This is precisely the case here because in *Washington I*, as in these consolidated cases, Washington contended, among other things, that the defendant discriminated and retaliated against him by failing to rehire him. 2:06-cv-01320-IPJ, doc. 64 at 8. Although Washington's complaints in these consolidated cases can be construed to contend that he is the subject of ongoing retaliation, *see* 2:14-cv-2109-AKK, doc. 1 at 4 ("Since filing several charge[s] of employment discrimination, f[i]ling suit in court, appealing and winning my unemployment denial, I continue to be the subject of retaliation."); 2:14-cv-1975-TMP, doc. 1-1 at 1 ("I have been informed that I will never be employed again by [AT&T]. It is my belief that this has been indicated because I previously filed a grievance against the company on the basis of racial discrimination, which resulted in my termination."), the *Washington I* opinion forestalls this argument by firmly connecting BellSouth's decision not to rehire Washington to his termination. As the *Washington I* opinion explains, after

5

Washington's discharge, his union arranged for him to be reinstated and placed on paid leave in order for him to reach a thirty-year employment milestone, which enabled him to retire with medical benefits and an unreduced pension. 2:06-cv-01320-IPJ, doc. 64 at 3–4. In connection with this agreement, Washington signed a statement dated February 7, 2005 reading, "I will not seek future employment with BellSouth. At the conclusion of [my unpaid leave] I will be terminated and become a retired employee." *Id*. at 4 (citing 2:06-cv-01320-IPJ, doc. 55-3 at 1). The *Washington I* court noted that Washington "was told . . . in no uncertain terms before he signed the release that BellSouth would never hire him for another job. Consequently, the decision not to rehire [Washington] was made before [Washington] signed the release." *Id*. at 9. In other words, even viewing the evidence in the light most favorable to Washington, the *Washington I* court found that BellSouth determined it would never hire Washington again in 2005, and that BellSouth's decision was not discriminatory, *id*. at 9, 10. Consequently, Washington cannot now argue in these consolidated cases that BellSouth subsequently refused to rehire him in retaliation for his filings with the EEOC and this court because BellSouth's decision not to rehire him predated those filings. In

sum, Washington's present claim is barred by *res judicata*.[3]

C. Filing restrictions are warranted to preclude Washington from continuing to abuse this court.

Finally, AT&T asks the court to sanction Washington by imposing a fine on Washington equal to the filing fee for the two pending actions or issuing an order prohibiting Washington from engaging in any further efforts to gain employment with AT&T with the stipulation that Washington will be incarcerated for contempt

---

[3] Additionally, the undersigned notes that to succeed on a retaliation claim, a "plaintiff must . . . have a 'reasonable good faith belief' that he was discriminated against." *Davis v. Dunn Constr. Co., Inc.*, 872 F. Supp. 2d 1291, 1315 (N.D. Ala. 2012) (quoting *Holifield v. Reno*, 115 F.3d 1555, 1566 (11th Cir. 1997)). Based on the *Washington I* court's findings discussed above, that appears unlikely here. Finally, the undersigned acknowledges that Washington filed an amended complaint in 14-cv-1975-TMP, which fails to state a claim for discrimination under Title VII, and which seems to allege that the attorneys involved in his previous lawsuits committed fraud on the court. See 14-cv-1975-TMP, doc. 7. Washington raised the same allegations in *Washington III*, and the court determined they did not entitle him to relief. *See* 12-cv-3808-MHH, doc. 7 at 2 n. 2. Consequently, in keeping with the principles of *res judicata* outlined above, Washington is barred from raising the issue in this matter. Additionally, the findings of the *Washington III* court on this point bear repeating:

> Courts have expressed hostility to the "proposition that fraud on the court is an authority to allow a collateral attack on a judgment—i.e., defeating the defense of res judicata." *Plotner v. AT & T Corp.*, 224 F.3d 1161, 1170 (10th Cir. 2000). "Once jurisdiction is established, fraud on the court will not vitiate the preclusive effect of the court's judgment unless the rendering court sets it aside." *Caliendo v. Rodriguez*, 70 F.3d 1274 (Table), 1995 WL 709251, *3 (7th Cir. Nov. 30, 1995); *see also Johnson v. Champions*, 909 F. Supp. 2d 1226, 1241 (S.D. Ala. 2014). If Mr. Washington wishes to challenge the judgment in Case 2:06-CV-1320 based on his allegation of fraud on the Court, he must raise the challenge in that action pursuant to the Federal Rules of Civil Procedure. He may not pursue his arguments in a new lawsuit such as this.

12-cv-3808-MHH, doc. 7 at 2 n.2.

of court for one day for each job vacancy he seeks. Doc. 7 at 6. The court declines to grant this relief. However, because the consolidated cases are Washington's fourth and fifth attempts to litigate the same issue in this court, the undersigned finds that Washington has made a habit of filing frivolous and unwarranted lawsuits in the court. In doing so, Washington has abused both the *in forma pauperis* status and this court. Accordingly, the undersigned will direct the Clerk to refrain from processing any new action by Washington unless a Judge or Magistrate of this court makes a pre-filing determination that the case has sufficient merit to be filed.

    Done this 20th day of January, 2015.

                                      _____
                                      ABDUL K. KALLON
                                      UNITED STATES DISTRICT JUDGE